UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES M. WOOLSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:13-cv-279-JMS-WGH |
| | ) | No. NA 05-CR-014-01-H/N |
| UNITED STATES OF AMERICA. | ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I.**

Charles Woolsey was convicted in No. NA 05-CR-014-01-H/N after a trial by jury of drug and related offenses. He was sentenced to an aggregate term of imprisonment of 300 months. The Seventh Circuit affirmed Woolsey=s conviction, but in granting relief as to the United States= cross-appeal remanded the case with direction to sentence Woolsey to life imprisonment on Count 1. *See United States v. Woolsey,* 535 F.3d 540 (7th Cir. 2008).

Woolsey has already filed an action for relief pursuant to 28 U.S.C. ' 2255, which was dismissed with prejudice in No. 4:09-cv-151-RLY-WGH on March 18, 2010. The basis for the dismissal of the prior § 2255 action was that it had not been timely filed. The action was dismissed with prejudice, for a dismissal on the basis of untimeliness constitutes an adjudication "on the merits." *See Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005)("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [28 U.S.C. § 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). A subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged. *See Dahler v. U.S.,* 259 F.3d 763 (7th Cir. 2001).

As the foregoing shows, the present action is another attempt to collaterally challenge No. NA 05-CR-014-01-H/N. However, it is presented without authorization to proceed from the Court of Appeals. Accordingly, the action must be dismissed for lack of jurisdiction and the action summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2255 Proceedings*, and 28 U.S.C. ′ 2253(c), the court finds that Woolsey has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 09/13/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES M. WOOLSEY
07858-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808