**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| CHARLES M. WOOLSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:13-cv-279-JMS-WGH |
| | ) | |
| WARDEN JOHN OLIVER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the petition of Charles M. Woolsey for a writ of habeas corpus must be denied. This conclusion rests on the following facts and circumstances:

1.      Woolsey is confined in this District serving the executed portion of sentences imposed following his conviction for drug and related offenses. *See United States v. Woolsey,* 535 F.3d 540 (7th Cir. 2008). Woolsey's challenge pursuant to 28 U.S.C. § 2255 was rejected in No. 4:09-cv-151-RLY-WGH. Final judgment dismissing that action as untimely was entered on the clerk's docket on March 18, 2010.

2.      Woolsey's habeas petition is brought pursuant to 28 U.S.C. § 2241. A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances.

3. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012). In *Hill,* the Seventh Circuit reiterated: "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" 695 F.3d at 648 (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).

4. Woolsey's habeas claims were or could have been presented in his Section 2255 action. They are not available for further review here. *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). The circumstances of Woolsey's prior collateral challenge show that none of the three requirements of *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013), have been satisfied.

5. Consistent with the foregoing, a remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence. *House v.*

*Bell,* 547 U.S. 518, 537-38 (2006). Here, Woolsey has not shown that he is "innocent" of any of the several offenses of which he was found guilty.

6.      "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Woolsey had that opportunity and he used it several years ago. His argument that the § 2255 proceeding was flawed because of an error in processing his appeal from the disposition of that action does not show that the § 2255 action was "'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)).

7.      The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). Woolsey has not met that burden even after he was invited to do so. Instead, he has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   08/05/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CHARLES M. WOOLSEY
07858-028
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808